## Holtby v. Mason (No. 2)

*John S. Halstead*, for plaintiffs.

*Joseph F. Harvey*, for defendant.

*G. Clinton Fogwell*, for additional defendants.

RILEY, J., February 2, 1967.—At depositions of defendant C. Robert Mason in the above captioned trespass action preparatory to trial, certain questions were asked by counsel for additional defendant, which he (defendant) refused to answer on advice of counsel. One of the issues involved an alleged agency or servant relationship between original and additional defendants, defendant C. Robert Mason being father-in-law of Robert Neff and his wife. We are asked to rule upon the propriety of the objections.

Additional defendants' counsel asked whether the Neffs and Masons were in the "usual employer-employee manner"; we sustain this objection.

He asked, "Mr. Mason, at the time that you were away, were either Mr. or Mrs. Neff your servants?" We sustained objection. While "servant" or not is both fact and legal conclusion, dependent upon the sense and context used, we deem this to call for a conclusion and expression of an opinion from a father-in-law seeking to have him refuse to characterize the son-in-law as his "legal" servant. The facts upon which the legal characterization of servantship would follow are relevant, and the conclusion is one of law from those facts. The same ruling is made as to the several questions relating to expressions of a conclusion of servantship or agency.

The question was asked in several forms requesting the party to state the "facts" upon which he relied in averring agency in the complaint. His counsel asked if he knew what was meant by servant, agent and employe, and he said he did not and objection was entered. Both counsel knew, of course, that, as is usually the case, the attorney prepares the complaints and answers according to the facts given by the respective client, and frequently, the lay client is not prepared or equipped to interpret the legal meaning of words used in a pleading, although he may sign same. This factor, of course, permits advantage to be taken of the ignorance with innuendos and misconstructions before a jury. Nevertheless, this is one of the incidents of trials, and one that may be explained by counsel to the jury. Where allegations are made in a pleading, we believe it is proper to ask the basis for that allegation in terms of facts. One answer may be that the term was one inserted by counsel and to allege misunderstanding or such other explanation as the party may be able to give. Even though through specific questioning, just about all available facts pertinent to the relationship appear to have been brought forth, we must overrule objection to this question. A party may be called upon to give the facts upon which he relies, or at least to state that he is not sufficiently cognizant of the legal connotations of the term used to give all of the "facts" explaining that relationship. Counsel, of course, has the right to develop these facts by direct questioning concerning specific facts, as has been done by both counsel. Therefore, if questioning counsel deems he has been prejudiced by the witnesses' refusal or that facts not already of record pertinent thereto may be elicited by resubmitting the question, he may request a further deposition for the purpose of having the party so answer.